# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

BRAYDEN J. TUMBLIN,

        Petitioner,   :        Case No. 2:25-cv-00233

  - vs -                      District Judge Edmund A. Sargus, Jr.
                                Magistrate Judge Michael R. Merz

WARDEN, Noble Correctional
  Institution,

                                  :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus action pursuant to 28 U.S.C. §2254 was brought *pro se* by Petitioner Brayden Tumblin to obtain relief from his conviction in the Coshocton County Court of Common Pleas for aggravated trafficking in drugs (Petition, ECF No. 3). The case is ripe for decision on the Petition, the State Court Record (ECF No. 5 & 6), the Return of Writ (ECF No. 7) and Petitioner's Reply (ECF No. 13). The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 14).

**Litigation History**

On March 21, 2022, Petitioner was indicted with on one count of Aggravated Trafficking

in Drugs – methamphetamine – with the specifications that it occurred in the vicinity of a juvenile and in an amount equal to or greater than the bulk amount but less than five times the bulk amount in violation of Ohio Revised Code § 2925.03(A)(2)(Indictment, State Court Record, ECF No. 5, Ex. 1).  After Tumblin withdrew his guilty plea, a trial jury found him guilty as charged. (Verdict, State Court Record 5, Ex. 16).

Tumblin then appealed to the Ohio Fifth District Court of Appeals which affirmed.  *State v. Tumblin*, 2023-Ohio-4099 (5th Dist. Nov. 14, 2023).  The Ohio Supreme Court declined jurisdiction over a subsequent appeal.  *State v. Tumblin*, 173 Ohio St. 3d 1432 (2024).  Tumblin then filed his Petition in this case, pleading the following three grounds for relief:

> **Ground One:** The jury and trial court erred, respectively, by returning a verdict of guilty and denying appellant's Crim. R. 29 motion, as insufficient evidence was presented to sustain a conviction for aggravated trafficking.
>
> **Supporting Facts:** The evidence was insufficient to prove beyond a reasonable doubt that he engaged in aggravated trafficking in drugs. "Without evidence of any sort of overt act taken to ship, prepare for shipment, transport, deliver, prepare for distribution, or distribute the drugs, there is insufficient evidence to sustain a conviction for drug trafficking.
>
> **Ground Two:** Motion to suppress was improperly denied, as the evidence presented showed that the arresting officer(s) failed to abide by the requirements of R.C. 2935.12 governing nonconsensual entry when executing the arrest warrant.
>
> **Supporting Facts:** The trial court erred in overruling his motion to suppress. Specifically, the officers failed to abide by R.C. 2935.12 when attempting to serve the arrest warrants and entered his home without consent and forcefully against warrant requirements.
>
> **Ground Three:** The trial court erred and abused its discretion when it denied defendant/appellant's challenge for cause as to a juror who expressly stated their actual bias to the court, resulting in the impaneling of a biased juror, to the prejudice of defendant/appellant and a violation of his right to due process of law.

> **Supporting Facts:** The trial court "abused its discretion" by impaneling a biased juror. Specifically, that Juror Number 8, L. C., expressed bias toward law enforcement and the State of Ohio.

(Petition, ECF No. 3, PageID 45).

# Analysis

### Ground One: Conviction on Insufficient Evidence

In his First Ground for Relief, Petitioner asserts his conviction is not supported by sufficient evidence. He raised this claim as his First Assignment of Error on direct appeal and the Fifth District decided it as follows:

> {¶22} In his First Assignment of Error, Tumblin argues the evidence was insufficient to prove beyond a reasonable doubt that he engaged in aggravated trafficking in drugs.
>
> **Standard of Appellate Review–Sufficiency of the Evidence.**
>
> {¶23} The Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury ...." This right, in conjunction with the Due Process Clause, requires that each of the material elements of a crime be proved to a jury beyond a reasonable doubt. *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 2156, 186 L.Ed.2d 314 (2013); *Hurst v. Florida*, 577 U.S. 92, 136 S.Ct. 616, 621, 193 L.Ed.2d 504 (2016). The test for the sufficiency of the evidence involves a question of law for resolution by the appellate court. *State v. Walker*, 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124, ¶30; *State v. Jordan,* Slip Op. No. 2023-Ohio-3800, ¶13. "This naturally entails a review of the elements of the charged offense and a review of the state's evidence." *State v. Richardson*, 150 Ohio St.3d 554, 2016-Ohio-8448, 84 N.E.3d 993, ¶13.
>
> {¶24} When reviewing the sufficiency of the evidence, an appellate court does not ask whether the evidence should be believed. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith, 80 Ohio St.3d 89, 102 at n.4, 684 N.E.2d 668 (1997)*; *Walker*, 150 Ohio St.3d at ¶30. "The relevant inquiry is whether, after viewing the evidence in the light most

3

favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus. *State v. Poutney*, 152 Ohio St.3d 474, 2018-Ohio-22, 97 N.E.3d 478, ¶19. Thus, "on review for evidentiary sufficiency we do not second-guess the jury's credibility determinations; rather, we ask whether, '*if believed*, [the evidence] would convince the average mind of the defendant's guilt beyond a reasonable doubt.' " *State v. Murphy*, 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001), *quoting Jenks* at paragraph two of the syllabus; *Walker* 150 Ohio St.3d at ¶31. We will not "disturb a verdict on appeal on sufficiency grounds unless 'reasonable minds could not reach the conclusion reached by the trier-of-fact.' " *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 94, *quoting State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997); *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶74.

**Issue for Appellate Review:** *Whether, after viewing the evidence in the light most favorable to the prosecution, the evidence, if believed, would convince the average mind that Tumblin was guilty beyond a reasonable doubt of Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(2)/ (C)(1)(c)*

{¶25} Tumblin does not challenge either the identity of the drugs as methamphetamines, a Schedule II drug, or the weight of drugs found as bulk amount but less than five times bulk amount. Further, Tumblin does not challenge the jury's finding that the offense was committed in the vicinity of a juvenile, i.e. his ten-year-old brother and thirteen-year-old step-sister. Rather, Tumblin contends, "Without evidence of any sort of overt act taken to ship, prepare for shipment, transport, deliver, prepare for distribution, or distribute the drugs, there is insufficient evidence to sustain a conviction for drug trafficking, even if the amount possessed is large." [Appellant's brief at 11].

{¶26} Tumblin was convicted of Aggravated trafficking in drugs. R.C. 2925.03(A)(2) provides in relevant part,

> (A) No person shall knowingly do any of the following:
> * * *
>
> (2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person.

4

{¶27} R.C. 2901.22 defines "knowingly" as follows:

> (B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.

{¶28} Whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself." *State v. Johnson*, 56 Ohio St.3d 35, 38, 381 N.E.2d 637, 56 Ohio St.2d 35 (1978) *citing State v. Huffman,* 131 Ohio St. 27, 1 N.E.2d 313 (1936): *State v. Rojas*, 64 Ohio St.3d 131, 139, 592 N.E.2d 1376 (1992); State *v. Huff*, 145 Ohio App.3d 555, 563, 763 N.E.2d 695 (1st Dist. 2001). (Footnote omitted.) Thus, "[t]he tests for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria." *Id. citing State v. Adams*, 4th Dist. Ross No. 94 CA 2041, 1995 WL 360247(June 8, 1995) and *State v. Paidousis*, 10th Dist. Franklin No. 00AP–118, 2001 WL 436079 (May 1, 2001). *See also, State v. Butler*, 5th Dist. Holmes No. 2012-CA-7, 2012-Ohio-5030, ¶ 25.

{¶29} Circumstantial evidence is that which can be "inferred from reasonably and justifiably connected facts." *State v. Fairbanks*, 32 Ohio St.2d 34, 289 N.E.2d 352 (1972), paragraph five of the syllabus. Circumstantial evidence inherently possesses the same probative value as direct evidence. *State v. Lott*, 51 Ohio St.3d 160, 167, 555 N.E.2d 293 (1990); *see also State v. Treesh*, 90 Ohio St.3d 460, 485, 739 N.E.2d 749 (2001); *Hinerman v. Grill on Twenty First, L.L.C.*, 5th Dist. Licking No. 2020 CA 00054, 2021-Ohio-859, 2021 WL 1045729, ¶ 88. Moreover, "[a] conviction can be sustained based on circumstantial evidence alone." *State v. Franklin*, 62 Ohio St.3d 118, 124, 580 N.E.2d 1 (1991).

{¶30} Lay witness testimony of a police officer is admissible under Evid.R 701 where the officer based his opinion on his police training and experience. Further, his opinion can be helpful to the trier-of-fact in determining whether the drugs were for sale or personal use. *State v. McClain,* 6th Dist. Lucas No. L-10-1088, 2012-Ohio-5264, ¶13; *State v. Walker,* 11th Dist. Lake Nos. 2022-L-077, 217 N.E.3d 79, 2023-Ohio-1949, ¶39; Law-enforcement officers are "routinely allowed to testify that circumstances are consistent with [the] distribution of drugs rather than personal use." *United States v. Swafford,* 385 F.3d 1026, 1030 (6th Cir. 2004) (collecting cases).

{¶31} Former Detective Woitel testified that based upon his training and experience surveillance cameras and monitors are used by individuals who sell drugs, as opposed to individuals who merely use drugs. 1T. at 115-116. He further testified that he found in the bedroom not one, but three digital scales of differing sizes. Id. at 121-122; State's Exhibits 8, 9 and 10. Woitel testified that drug dealers used such scales to weigh the product before selling it because it is more accurate than merely "eyeballing the amount." Id. In that way, the seller will not lose money by selling too much. Id. The former detective found Ziplock bags with weights to calibrate the scales. 1T. at 123-124. Two plastic bags with white residue were also recovered. Id. at 124; State's Exhibit 12. The former detective testified that such bags can be used to put drugs in for resale. Id. at 125. The former detective further testified that based upon his training and experience a user generally buys around 3.5 grams of methamphetamine at an average cost of $40.00. 2T. at 192-193. Tumblin had close to 11 grams in his possession. Id. at 193. He noted that sellers will take that amount and try to sell off some of it to make money. Id. at 198.

{¶32} In summary, based upon his training and experience, Woitel testified that the amount of drugs recovered, the scales the baggies and other containers would indicate drug trafficking as opposed to possession. Id. at 128-129.

{¶33} Plastic baggies, digital scales, and video surveillance are often used in drug trafficking which could constitute circumstantial evidence that Tumblin was using these items to commit that crime. *See, State v. Cutlip,* 7th Dist. Belmont No. 21 BE 0032, 2022-Ohio-3524, ¶101; *State v. Kent,* 8th Dist. Cuyahoga No. 109118, 2022-Ohio-834, ¶49; *State v. Malott,* 12th Dist. Nos. CA2007-02-007, CA2007-02-008, 2008-Ohio-2114, ¶28; *State v. Fain,* 5th Dist. Delaware No. 06 CAA 20094, 2007-Ohio-4854, ¶38. The state presented evidence that in his interview with Woitel, Tumblin admitted to selling methamphetamines to friends around two months ago. 1T. at 143.

{¶34} Viewing this evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Tumblin was guilty of aggravated trafficking in drugs in the vicinity of a juvenile, in an amount equaling or exceeding bulk amount but less than five times the bulk amount. We hold, therefore, that the state met its burden of production regarding each element of the crime and, accordingly, there was sufficient evidence to support Tumblin's conviction.

> {¶35} When reviewing a challenge to the sufficiency of the evidence, we do not weigh the credibility of the evidence. *State v. Jordan,* Slip Op. No. 2023-Ohio-3800, ¶18. Because the trier of fact "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of proffered testimony," a jury may rely on circumstantial evidence to reasonably infer an offender's knowledge. *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984); *see generally Rehaif v. United States*, 588 U.S. ——, ——, 139 S.Ct. 2191, 2198, 204 L.Ed.2d 594 (2019); *State v. Jordan,* Slip Op. No. 2023-Ohio-3800, ¶26.
>
> {¶36} Tumblin's First Assignment of Error is overruled.

*State v. Tumblin, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000); *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Respondent concedes Tumblin fairly presented his First Ground for Relief to the Ohio courts, but asserts the Fifth District's decision is neither contrary to nor an objectively unreasonable application of relevant Supreme Court jurisprudence, particularly *Jackson v. Virginia*, 443 U.S. 307 (1979)(Return, ECF No. 7, PageID 660-70).

In arguing his First Ground for Relief, Petitioner argues: "In the instance [sic] case there is no direct or even quality circumstantial evidence that Mr. Tumblin, the petitioner, did ever

7

actively engage in any drug sales." (Traverse, ECF No. 13, PageID 701). There is indeed no direct testimony of Petitioner's making a sale. However, Tumblin did admit to having previously sold to two friends. He claims now that those sales were out of his personal "stash," but the law does not immunize sales of that sort from being considered as evidence of willingness to sell. There was competent testimony that Tumblin possessed paraphernalia commonly associated with trafficking. While possession of scales could be consistent with being a careful purchaser of drugs, they are also consistent with being a seller. In particular Tumblin had unusually complete exterior surveillance of the place where he was living. He gave an excuse for that which would have been consistent with not being a drug dealer, but it was also consistent with trafficking.

Tumblin attempts to detract from the credibility of the former detective who testified against him by claiming that person left policing to drive a truck. However, he gives no record reference for that supposed fact. If it is not a fact reflected in the record, this Court cannot consider it. *Cullen v. Pinholster,* 563 U.S. 170 (2011). *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020). Even if there is a record reference to support that alleged fact, a habeas court cannot re-weigh the credibility of witnesses[1].

Tumblin is correct that this is a heavily circumstantial evidence case. However, circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof. When the state relies on circumstantial evidence to prove an essential element of the offense charged, there is no need for such evidence

---

[1] Petitioner quotes some authority on considering whether a verdict is against the manifest weight of the evidence, but that claim is distinguished from a sufficiency claim and is not itself cognizable in habeas because a different standard of review applies. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).

8

to be irreconcilable with any reasonable theory of innocence in order to support a conviction. Therefore, where the jury is properly and adequately instructed as to the standards for reasonable doubt a special instruction as to circumstantial evidence is not required." (*Holland v. United States*, 348 U.S. 121(1954) followed; *State v. Kulig*, 37 Ohio St. 2d 157 (1974), overruled on other grounds by *State v. Jenks*, 61 Ohio St. 3d 259 (1991).)

The Magistrate Judge concludes the Fifth District's conclusion is entitled to deference. Petitioner's First Ground for Relief should therefore be dismissed.

**Ground Two: Evidence Obtained in Violation of the Fourth Amendment**

In his Second Ground for Relief, Petitioner complains that he was convicted on the basis of evidence obtained in violation of his rights. In his Traverse he labels the failure to suppress the evidence as an abuse of discretion. But abuse of discretion is not a denial of due process or any other constitutional right. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995). Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

In the Petition, Tumblin claims the warrant issued for his residence was issued without

9

compliance with Ohio Revised Code § 2935.12. But compliance with state procedural statutes is not commanded by the United States Constitution. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995). This Court cannot review the Fifth District's decision that Ohio Revised Code § 2935.12 was not violated because he cannot review questions of state law.

Ground Two should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Three: Failure to Excuse a Biased Juror**

In his Third Ground for Relief, Tumblin claims his right to an impartial jury was violated when the trial court failed to excuse a biased juror. Petitioner raised this claim as his third assignment of error on direct appeal and the Fifth District denied relief. Respondent asserts this claim is procedurally defaulted because Tumblin did not carry the claim forward in his appeal to the Supreme Court of Ohio.

In the portion of his Traverse directed to the biased juror claim,[2] Tumblin does not discuss his failure to appeal this issue to the Ohio Supreme Court. In order to preserve an issue for decision in habeas, a petitioner must have fairly presented it to the state courts. In Ohio that includes presentation to the Supreme Court on direct review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 846-

---

[2] That portion of the Traverse is labeled "Ground Five." (ECF No. 13, PageID 725-29.)

7(1999). Because Tumblin did not present his biased juror claim to the Ohio Supreme Court and is now barred from doing so and because Tumblin has offered no excusing cause and prejudice, his biased juror claim must be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 12, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.