**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

BRAYDEN TUMBLIN,

                              Petitioner,     :     Case No. 2:25-cv-00233

     - vs -                              District Judge Edmund A. Sargus, Jr.
                                      Magistrate Judge Michael R. Merz

  WARDEN,
  Noble Correctional Institution,

                                     :
                Respondent.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This habeas corpus case was brought *pro se* by Petitioner Brayden Tumblin to obtain relief from his conviction in the Coshocton County Court of Common Pleas for aggravated trafficking in drugs (Petition, ECF No. 3).  It is before the Court on Petitioner's Objections (ECF No. 20) to the Magistrate Judge's Report and Recommendations recommending dismissal (ECF No. 15). District Judge Sargus has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 21).

**Ground One:  Conviction on Insufficient Evidence**

In his First Ground for Relief, Petitioner argues he was convicted on insufficient evidence. The Report concluded that there was no direct evidence of Tumblin's selling drugs, but recited the circumstantial evidence presented by the State  -- possession of scales of the sort used for weighing

1

drugs, possession of a quantity of plastic baggies of a type commonly used to package drugs for sale, extensive external surveillance on the property, and Tumblin's admission to having sold drugs before.  In his Objections Tumblin argues that each of these circumstances is consistent with his being only a user and not a seller.  He argues "almost 65% of homes in the United States have some sort of surveillance of their homes for security reasons."  (Objections, ECF No. 20, PageID 753).  However, he presents no citation to anywhere that fact was presented to the jury.

The law does not prescribe an amount of circumstantial evidence which will be enough to convict, but only that it must a persuade a jury of twelve to vote unanimously for conviction.  That happened here.  Tumblin cites no case authority for the proposition that this particular amount of circumstantial evidence was not enough.  This Court is therefore bound to defer to the Ohio Fifth District Court of Appeals decision that the evidence was sufficient.

**Ground Two:  Evidence Obtained in Violation of Ohio Revised Code § 2935.12**

.     In his Second Ground for Relief, Tumblin asserts he was convicted on evidence seized in violation in violation of Ohio Revised Code § 2935.12. As pleaded the claim reads:

> MOTION TO SUPPRESS WAS IMPROPERLY DENIED, AS THE EVIDENCE PRESENTED SHOWED THAT THE ARRESTING OFFICER(S) FAILED TO ABIDE BY THE REQUIREMENTS OF R.C. 2935. 12 GOVERNING NONCONSENSUAL ENTRY WHEN EXECUTING THE ARREST WARRANT.

(Petition, ECF No. 1, PageID 45).  The Report recommended dismissing this claim because it raises only a question of Ohio law, to wit, whether the arresting officers complied with Ohio Revised Code § 2935.12.

Petitioner objects:

2

> The 5th and 14th Amendments of the United States Constitution clearly establish that "due process" is a constitutional guarantee.  If a Judge of a court of law abuses his discretion, that affects a litigant's due process protections.  Its that plain and simple. It's black and white. Period.
>
> Tumblin claims that the warrant that was issued for his residence was issued without compliance with Ohio Revised Code § 2935.12.  Non-Compliance with O.R.C. § 2935.12 is a violation of the 4th Amendment to the United States Constitution;

(Objections, ECF No. 20, PageID 755).

Not every obligation imposed on the police in criminal cases by state law rises to the level of due process.  The Sixth Circuit Court of Appeals has written "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule,  and would not be administrable."  *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).  Tumblin objects that prior decisions are just opinions, but federal judges are bound by their oath to uphold the Constitution to follow prior decisions of the Supreme Court and their respective court of appeals. See *Hutto v. Davis*, 454 U.S. 370, 375 (1982).

Ground Two raises only a question of state law and therefore is not reviewable in habeas. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).   "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

**Ground Three: Failure to Excuse a Biased Juror**

In his Third Ground for Relief, Tumblin claims his right to an impartial jury was violated when the trial court failed to excuse a biased juror.  The Report recommended dismissing this claim as procedurally defaulted:  although Tumblin raised it in the Fifth District, he did not carry this claim forward to the Ohio Supreme Court and did not offer any excusing cause and prejudice in his Traverse.

Tumblin makes no objection to the recommended disposition of Ground Three.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge respectfully again recommends the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 30, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #