# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

BRAYDEN TUMBLIN

                        Petitioner,     :     Case No. 2:25-cv-00233

  - vs -                         District Judge Edmund A. Sargus, Jr.
                                        Magistrate Judge Michael R. Merz

WARDEN,
 Noble Correctional Institution,

                                  :
       Respondent.

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Brayden Tumblin to obtain relief from his conviction in the Coshocton County Court of Common Pleas for aggravated trafficking in drugs, is before the Court on Petitioner's Objections (ECF Nos. 20 & 23) to the Magistrate Judge's Report and Recommendations (ECF No. 15) recommending dismissal and his Supplemental Report and Recommendations adhering to the same recommendation after recommittal (ECF No. 22).

As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed the Report and Supplemental Report *de novo* with particular attention to those portions objected to by Petitioner and rules on those Objections as follows.

Petitioner was convicted in the Coshocton County Court of Common Pleas on a charge of aggravated trafficking in methamphetamine, a controlled substance, with the specifications that it

1

occurred in the vicinity of a juvenile and in an amount equal to or greater than the bulk amount but less than five times the bulk amount of that drug in violation of Ohio Revised Code § 2925.03(A)(2)(Indictment, State Court Record, ECF No. 5, Ex. 1; Verdict, *Id.* at Ex. 16). After exhausting available state court remedies, Tumblin filed his Petition here, alleging pleading three Grounds for Relief:

> **Ground One:** The jury and trial court erred, respectively, by returning a verdict of guilty and denying appellant's Crim. R. 29 motion, as insufficient evidence was presented to sustain a conviction for aggravated trafficking.
>
> **Supporting Facts:** The evidence was insufficient to prove beyond a reasonable doubt that he engaged in aggravated trafficking in drugs. "Without evidence of any sort of overt act taken to ship, prepare for shipment, transport, deliver, prepare for distribution, or distribute the drugs, there is insufficient evidence to sustain a conviction for drug trafficking.
>
> **Ground Two:** Motion to suppress was improperly denied, as the evidence presented showed that the arresting officer(s) failed to abide by the requirements of R.C. 2935.12 governing nonconsensual entry when executing the arrest warrant.
>
> **Supporting Facts:** The trial court erred in overruling his motion to suppress. Specifically, the officers failed to abide by R.C. 2935.12 when attempting to serve the arrest warrants and entered his home without consent and forcefully against warrant requirements.
>
> **Ground Three:** The trial court erred and abused its discretion when it denied defendant/appellant's challenge for cause as to a juror who expressly stated their actual bias to the court, resulting in the impaneling of a biased juror, to the prejudice of defendant/appellant and a violation of his right to due process of law.
>
> **Supporting Facts:** The trial court "abused its discretion" by impaneling a biased juror. Specifically, that Juror Number 8, L. C., expressed bias toward law enforcement and the State of Ohio.

(Petition, ECF No. 3, PageID 45).

2

**Ground One:  Insufficiency of the Evidence**

In his first Ground for Relief, Petitioner argues that the evidence presented at trial is insufficient to support his conviction, that is, that it is insufficient to allow a jury to have concluded beyond a reasonable doubt that the methamphetamine found in his possession was intended for sale.

The Ohio Fifth District Court of Appeals, applying the controlling constitutional standard announced in *Jackson v. Virginia*, 443 U.S. 307 (1979), found the evidence was sufficient and the Magistrate Judge twice concluded that decision was entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").  In his most recent set of Objections, Petitioner again argues the circumstantial evidence is consistent with his being a drug user, not a seller.

In addition to the "hard" circumstantial evidence presented, the Court notes the testimony of an experienced law enforcement officer about the consistency of that evidence with trafficking and Petitioner's admission that he had sold drugs in the past.  The Supreme Court has held

> Circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof. When the state relies on circumstantial evidence to prove an essential element of the offense charged, there is no need for such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction.  Therefore, where the jury is properly and adequately instructed as to the standards for reasonable doubt a special instruction as to circumstantial evidence is not required.

*Holland v. United States*, 348 U.S. 121(1954), followed *State v. Kulig*, 37 Ohio St. 2d 157 (1974).

3

The Court agrees with the Magistrate Judge that the Fifth District's decision is entitlted to deference under AEDPA.  Petitioner's Objections as to Ground One are overruled and the Magistrate Judge's Report is adopted..

## Ground Two: Evidence Obtained in Violation of Ohio Revised Code § 2935.12

In his Second Ground for Relief, Petitioner asserts he was convicted on evidence seized in violation of Ohio Revised Code § 2935.12.  The Magistrate Judge recommended dismissing this Ground for Relief because it asserted only a violation of Ohio law and notd the United States Constitution.

In his most recent Objection s, Petitioner asserts it is not just a matter of violating state law but that the officers violated the Fourth Amendment when they entered his property without consent or a search warrant (Objections, ECF No. 23, PageID 766).  But that is not the way Petitioner pleaded this claim, which is stated entirely in terms of violating Ohio law. Not every state law procedure becomes part of the United States Constitution.  *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993).

Petitioner's Ground Two does not state a violation of the United States Constitution.  His Objections on that ground are overruled and the Magistrate Judge's Report is adopted.

## Ground Three:  Failure to Excuse a Biased Juror

In this Third Ground for Relief, Petitioner claims the trial judge failed to excuse a biased juror.   On the basis of a defense raised by Respondent, the Magistrate Judge's initial Report found Petitioner had procedurally defaulted this claim by not carrying it forward from the Court of

4

Appeals to the Ohio Supreme Court. Petitioner made no objection to this conclusion in his first set of Objections. In his most recent set of Objections he writes: "Petitioner reasserts his previously filed stance on this issue." (Objections, ECF No. 23, PageID 768).

The Court agrees with the Magistrate Judge that this claim is procedurally defaulted. The Magistrate Judge's Report on Ground Three is adopted.

**Conclusion**

Having reviewed *de novo* those portions of the Report and Supplemental Report to which Petitioner has made objection, the Court overrules those Objections and adopts the Report and Supplemental Report. The Clerk will enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

Dated: 4/17/2026

s/Edmund A. Sargus, Jr.
Edmund A. Sargus, Jr.
United States District Judge

5